IN THE UNITED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Bart Deardorff<br>individually and on behalf of all persons<br>similarly situated<br>as class representative under<br>Illinois Law and/or as<br>members of the Collective as permitted<br>under the Fair Labor Standards Act;<br><br>                    Plaintiff,<br><br>        vs.<br><br>ASSURANCE TECHNOLOGIES, INC.<br>And<br>KENNETH J LOSACCO<br>**And**<br>**Maria Losacco**<br>as individuals under FLSA<br>and Illinois Wage Laws<br>                    Defendants. | ) <br>)<br>) CASE NO 17 CV 9263<br>)<br>) The Honorable Judge<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) **JURY TRIAL DEMANDED**<br>)  **ON ALL COUNTS**<br>)<br>)<br>)<br>)<br>)<br>) |

**COLLECTIVE ACTION COMPLAINT**

NOW COMES the Plaintiff, Bart Deardorff, individually and on behalf of all others similarly situated, as class representatives, by and through his undersigned counsel of record, upon personal knowledge as to those allegations in which he so possesses and upon information and belief as to all other matters, pursuant to §216(b) of the Fair Labor Standards Act (hereinafter "FLSA"), the Illinois Minimum Wage Law 820 ILCS 105/1 *et seq* (hereinafter "IMWL" ) Illinois Wage Payment and Collection Act 820 ILCS 115/1 *et seq.* (West 2002)) (hereinafter "IWPCA" ) and brings this cause of action against Defendant ASSURANCE TECHNOLOGIES, INC., (hereinafter "ATI"), and as an individual under FLSA and Illinois Wage Laws and KENNETH J LOSACCO  **and Maria Losacco,** individually under FLSA and Illinois Wage Laws are hereinafter referred to as "Individual Defendants", in so doing states the following:

1

## **NATURE OF THE ACTION**

1.  Plaintiff, Bart Deardorff alleges individually and on behalf of himself and other similarly situated current, former and future employees of the Defendant, (Hereinafter references to "Plaintiff" are inclusive of both Individual Plaintiffs and those employees that are similarly situated to the Individual Plaintiffs) that he, under both federal and state wage laws, are entitled to be paid for all hours worked and/or receive time and half for all hours worked over forty (40) hours per week and more specifically Plaintiff alleges that Defendant fails to pay overtime wages under the proper rate of pay by failing to pay overtime rate based on all compensation including commissions. Further Defendant fails to pay overtime for "administrative time" and other instances of unpaid time such as training time, and for out-of-town travel time.

2.  This action is also brought as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, 207 and 216(b) to recover unpaid wages for overtime pay which was not compensated at the proper rate of pay, rate of pay to include all compensation and for unpaid overtime hours of work, for which the Collective receives no compensation.

3.  Plaintiff's federal FLSA claims are brought as "opt-in" collective action claims pursuant to the FLSA.

4.  Plaintiff, in his collective claims, request injunctive and declaratory relief, and compensation and credit for all uncompensated work required, suffered, and/or permitted by Defendant, liquidated and/or other damages as permitted by

applicable law, restitution and payment of all benefits Defendant obtained from their unlawful business practices and attorneys' fees and costs.

## JURISDICTION AND VENUE

5.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. 1331 and 1337 and supplemental jurisdiction over Plaintiff state law claims pursuant to 28 U.S.C 1332 and 1367. This Court has subject matter jurisdiction pursuant to 28 U.S.C. 1331 based on 29 U.S.C. 216(b) known as the Fair Labor Standards Act.

6.  This court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C 1332 and 1367 and Plaintiffs seek application of the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL")Illinois Wage Payment and Collection Act 820 ILCS 115/1 *et seq.* (West 2002))("IWPCA") and Common Law.

7.  The Court is authorized to issue a declaratory judgment.

8.  Venue is proper in this Court.

9.  Defendant does business and is a resident of this District and Division of Federal Court.

10.  Defendants' operations have sales which exceed $500,000.00.

11.  Defendant is an enterprise that regularly and recurrently have at least two employees engaged in commerce.

12.  Each of the Defendants, all Defendants, are enterprises that regularly and recurrently have at least two employees engaged in commerce, this engagement in commerce.

3

13.    Defendant's own website demonstrates the engagement of Defendant in Commerce stating:

Assurance Technologies, Inc. is a Manufacturer, Distributor, Calibration Source and Service Provider specializing in the Quality Industry.

Our Accredited Lab provides Calibration Services, Repair Services, Dimensional Inspection Services and Testing Services. Our Service Department & Calibration Lab personnel follow a strict training regiment with a documented continued education program ensuring they possess the most up to date knowledge of electrical equipment and new technologies offered in the marketplace today.

Assurance Technologies moved locations in 2006, upgrading to a brand new facility in Bartlett Illinois. The new facility is equipped with a climate controlled, 2,000 sq ft ISO 17025 Accredited Calibration lab, a training facility and a demo unit showroom with Micro-Vu, Oasis, Vision Engineering, Aberlink CMM's and Newage testing equipment.

## FACTS REGARDING THE PLAINTIFF

14.    Plaintiff, Bart Deardorff is a resident of the State of Illinois and a former employee of Defendants.

## COLLECTIVE ACTION ALLEGATIONS

15.    Plaintiff brings claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA (29 U.S.C. § 216(b)), on behalf of all employees of ATI who were, are, or will be employed by ATI during the period of three (3) years prior to the date of commencement of this action through the date of judgment in this action, who were not compensated at one-and-one-half times the regular rate of pay for all work performed in excess of forty (40) hours per work week.

4

16.    FLSA violation claims are brought and maintained as an "opt-in" collective action pursuant to § 16(b) of FLSA, 29 U.S.C. § 216(b), for all FLSA claims asserted by the Plaintiff, since the FLSA claims of the Plaintiff are similar to the FLSA claims of all service employees employed by ATI.

17.    Defendant is liable for improperly compensating Plaintiff and FLSA Collective under the FLSA, and as such notice should be sent to the FLSA Collective. There are numerous similarly situated current and former employees of ATI who have been denied proper payment of the overtime wages. These current, former and future employees would benefit from the issuance of a court supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. The similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

## STATEMENT OF FACTS

**A.**    **ATI policies and procedures and Compensation Practices fail to pay proper overtime rate of pay**

18.    Plaintiff is employed by ATI as an employee of the Defendant who work beyond forty hours, but for which Defendants failed to pay overtime at the proper and correct rate of pay.

## FAILURE TO PAY OVERTIME RATE OF PAY CORRECTLY

19.    Plaintiff worked as an hourly non-exempt employee.

20.    Plaintiff was paid as a commissioned employee and as an hourly employee.

21.    Plaintiff was paid $18.00 per hour for some "travel time" and some training time.

22. However, Plaintiff ALSO received additional NON-discretionary compensation, in the form of earned commissions.

23. These payments were based on a performance formula which promised Plaintiff 40% of work invoiced. Thus if Plaintiff did $100 in work, he received $40 for that work.

**ATI Failed to Include Non-Discretionary Commissions in its wage payments for overtime work**

24. While ATI paid commissions to Plaintiff, and Collective, Defendant failed to include these commissions in the payments for overtime hours.

25. Thus the added payments to employees by Defendants is not discretionary, thus should be included in the calculation of the rate of pay for overtime wages.

26. The FLSA defines the "regular rate" as **all remuneration** for employment paid to or on behalf of the employee, before any deductions from wages are made. (See 29 U.S.C. §207(e); 29 C.F.R. §778.109.) (emphasis added)

27. Defendant's failure to pay proper rate of overtime pay is not isolated to Plaintiff, rather is applicable in the same manner and method to all service employees working overtime for Defendant.

28. Plaintiff worked with four other employees also paid in the same manner, and who also performed the same job as Plaintiff.

29. Since Plaintiff left Defendant, Defendant has hired two or three more employees to do the Plaintiff's job, and paid them the same manner, including failing to pay proper overtime rate of pay.

30. All the employees, like the Plaintiff, worked overtime.

31.    Likewise, these other employees also received additional commission, yet for these similarly situated employees, they also did not receive the payment of wages at the proper rate of pay, which should have been paid at a rate of pay to include ALL compensation.

## ATI Fails to Pay for **ALL** work time

32.    Second, the Defendant also requires, as part of the employees work duties, to work from home performing many tasks, however Defendant does not pay ANY compensation for this time.

33.    The tasks that Defendant requires Plaintiff and Collective to accomplish from home includes, invoicing, sending, receiving and reviewing emails, making business phone calls, scheduling, providing customer quotes, verifying pay and commissions.

34.    Defendant is aware of this work time, as Plaintiff and Collective are required to report to ATI how much time they spend on "Administrative work", submitted to ATI on weekly time sheets.

35.    Further ATI has a policy and procedures handbook or rules book which puts the "work from home for free" in writing.

36.    Additionally, ATI fails to pay for other overtime work, for example, when Plaintiff and Collective go to training, the Defendant pays eight (8) hours, without regard to how much time Plaintiff and Collective actually work at the training sessions. Plaintiff recalls working beyond 8 hours, yet receiving pay for only eight.

## LEGAL PRINCPALS FOR COMMISSIONED EMPLOYEES

37. The definition of compensable work is broad. Under both the FLSA and Illinois law, an employer must compensate its employees for "all time spent in physical or mental exertion (whether burdensome or not) controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer's business."

38. This includes all time during which employees are "suffered or permitted to work," as well as time during which employees are working solely on their own volition. Additionally, as a general matter, employers must compensate employees for all hours within a continuous workday, which begins with the first principal job activity of the day and ends with the final principal job activity of the day.

39. Where commissioned employees (such as Plaintiff and Collective) are entitled to overtime Defendant must apply the correct overtime calculation.

40. The key to calculating overtime is to determine the regular rate of pay, which is generally calculated by dividing an employee's total non-overtime compensation by the total number of hours worked.

41. Here Defendant fails to pay ANY compensation for "admin work" and fail to pay overtime wages for other overtime work at the proper rate.

42. The Defendant's unlawful conduct was and is not inadvertent, de minimis, isolated or sporadic, but widespread, repeated and part of a pattern and practice of conduct affecting all Defendants' employees.

43.   Defendant's consented, were knowledgeable of that they were paying the overtime rate of pay incorrectly and/or were not paying overtime hours of work for "admin work".

44.   Plaintiff was paid on an hourly pay rate and was classified as "non-exempt" employee by Defendants.

45.   Plaintiffs and the class employees were not paid the proper rate of overtime wages.

46.   This is a FLSA violation because the Plaintiff works beyond forty (40) hours, thus Plaintiff is owed time-and-half of his regular pay for ALL hours beyond 40.

47.   Further that by forcing him to work off the clock, this is a violation of the Plaintiff's rights under FLSA as he was not paid at time-and-half during these hours and rather is paid nothing for this work time.

48.   Further this also a violation of the Plaintiff's rights under Illinois Minimum Wage law and Illinois over-time wage law and IWPCA.

49.   The FLSA defines the "regular rate" as all remuneration for employment paid to or on behalf of the employee, before any deductions from wages are made. (See 29 U.S.C. §207(e); 29 C.F.R. §778.109.)

**ATI Actions were Willful, Knowledgeable and/or Had Reckless Disregard for FSLA Regulations**

50.    ATI required and permitted Plaintiff, and the FLSA Collective, to work more than 40 hours in a week.  ATI did not pay Plaintiff, and the FLSA Collective the proper overtime rate for all of these overtime hours.

51.    ATI unlawful conduct has been uniform, widespread, repeated and consistent.

52.    ATI's willful violations are especially demonstrated by their knowledge that its employees were not paid the correct rate of pay.

53.    All allegations and claims alleged herein should be read in the alternative, to the extent such an interpretation is necessitated by law and permitted under Federal Law, Illinois Law and other state laws.

54.    All allegations plead herein are plead with personal knowledge as to those allegations to which Plaintiffs have such knowledge and based upon "information and belief" as to all other allegations.

**FIRST CLAIM FOR RELIEF**
**Claims Against Defendant**
**Under the Illinois Minimum Wage Law "IMWL"**

55.    Plaintiff realleges and incorporate by reference all the paragraphs of this complaint, as if fully set forth herein.

56.    Plaintiff was an employee of the Defendant pursuant to the IMWL.

57.    Plaintiff was employed by ATI as a "Service Tech".

58.    It is and was at all relevant times, a policy of ATI to pay its employees at an overtime rate of pay which does not include the added compensation earned as

commissions and/or to not pay employees for certain hours of work such as "admin work" or some training and travel time.

59.     It is a policy, procedure and job requirement of Defendant ATI its employees to pay its employees at an overtime rate of pay which does not include the added compensation earned as commissions or earned bonuses

60.     The Defendants unlawful conduct was and is not inadvertent, de minimis, isolated or sporadic, but widespread, repeated and part of a pattern and practice of conduct affecting most if not all of the Defendant's employees.

61.     As a result of the foregoing, Plaintiff has been damaged in an amount to be determined at trial.

62.     Illinois law contains a three-year statute of limitations regardless of whether the violation was willful. 820 ILCS 105/12(a).

## SECOND CLAIM

### Claims Against Defendant
### Under Illinois Wage Payment and Collection Act "IWPCA"

63.     Plaintiff realleges and incorporate by reference all the preceding paragraphs, as if fully set forth herein.

64.     Plaintiffs were employed by ATI.

65.     It is and was at all relevant times, a policy of ATI to pay its employees at an overtime rate of pay which does not include the added compensation earned as commissions or earned bonuses and/or pay for all hours worked.

66.     The Defendants unlawful conduct was and is not inadvertent, de minimis, isolated or sporadic, but widespread, repeated and part of a pattern and practice of conduct affecting all Defendants' employees.

11

67. Further that Defendant's forced Plaintiff to work "off-the-clock".

68. This cause of action arises out of employment contracts or agreements; written and/or oral.

69. The Defendants unlawful conduct was and is not inadvertent, de minimis, isolated or sporadic, but widespread, repeated and part of a pattern and practice of conduct affecting all Defendants' employees.

70. Upon information and belief, all class employees of the Defendant had the same policies imposed upon its employees.

71. Plaintiff was under the control and direction of the owner of the Defendant and/or his agents during the period of the Plaintiff employment under their contracts of service and in fact.

72. Plaintiff was not an independent contractor, rather were employee of the Defendant by oral agreement and/or written contract.

73. Plaintiff's employment was in the usual course of business for which such service is performed.

74. Plaintiff does not possess a proprietary interest in the Defendant.

75. The Defendants are "employers" under the terms of the IWPCA section 2.

76. In accordance with IWPCA, an employer is also defined as: "any officer of a corporation or agents of an employer who knowingly permit such employer to violate the provisions of this Act shall be deemed to be the employers of the employees of the corporation", the individual Defendants are named as Defendants pursuant to this clause.

**THIRD CLAIM FOR RELIEF**
**On Behalf of Plaintiff and All Opt-In Employees**
**Against Defendant ATI**
**As a Collective Action**
**(FLSA Claims, 29 U.S.C. § 201 et seq.)**

77.    Plaintiff realleges and incorporate by reference all the preceding paragraphs, as if fully set forth herein.

78.    The Collective claims include all plead claims found in this complaint which fall within the coverage of FLSA.

79.    The Collective claims include all employees which Defendant has failed to pay at an overtime rate of pay which does not include the added compensation earned as commissions or earned bonuses and/or failed to pay all overtime hours of work.

80.    At all relevant times, Defendants ATI has been, and continues to be, an "employer" engaged in interstate commerce and/or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203.  At all relevant times, Defendants has employed, and continues to employ, "employee[s]," including the Plaintiffs, and each of the members of the FLSA Opt-Ins, that have been, and continue to be, engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.  At all relevant times, Defendants has had gross operating revenues in excess of Five Hundred Thousand and no/100 Dollars ($500,000.00).

81.    At all relevant times, Defendants has engaged, and continue to engage, in a willful policy, pattern, or practice of requiring their employees, including the Plaintiff and members of the prospective FLSA Class, to work in excess of forty (40) hours per week without compensating such employees to pay its employees at an

overtime rate of pay which does not include the added compensation earned as commissions or earned bonuses.

82.  At all relevant times, the work performed by retail employees including the Plaintiffs and prospective FLSA Opt-Ins, employed at Defendant were, and continue to be, required or permitted by Defendants, for the benefit of Defendants, directly related to such employees' principal employment with Defendants, and as an integral and indispensable part of such employees' employment of Defendants.

83.  As a result of the Defendant willful failure to record or compensate its employees – including Plaintiff and members of the prospective FLSA Class – employed by Defendant for all hours worked, Defendant has violated, and continues to violate, the maximum hours provision of the FLSA, 29 U.S.C. § 207(a)(1), and § 215(a).

84.  As a result of the Defendant's willful failure to record, report, credit, and/or compensate its employees employed by Defendant, including the Plaintiff and members of the prospective FLSA Class, Defendant has failed to make, keep and preserve records with respect to each of their employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, including 29 U.S.C. §§211(c) and §§ 215(a).

85.  The foregoing conduct, as alleged, violated the FLSA, 29 U.S.C. §§ 201 et seq.

86.  Plaintiff, on behalf of himself and all FLSA Opt-Ins, seek damages in the amount of their respective unpaid compensation, plus liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

14

87.     Plaintiff, on behalf of himself and all FLSA Opt-Ins, seek recovery of attorneys' fees and costs of action to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

88.     Plaintiff has consented to be a party to this action, pursuant to 29 U.S.C. § 216(b).

89.     At all times relevant to this action, Plaintiff and all FLSA Opt-Ins were employed by Defendant within the meaning of the FLSA.

90.     At all times relevant to this action, Plaintiff and all FLSA Opt-Ins were engaged in commerce and/or the production of goods for commerce and/or Defendant were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

91.     Due to Defendant's FLSA violations, Plaintiff  and all FLSA Opt-Ins are entitled to recover from Defendant their unpaid compensation, an additional equal amount as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b)§ 6 of the Fair Labor Standards Act, 29 U.S.C.A. § 206, 9 FCA title 29, § 206, provides that every employer shall pay to each of his employees who is engaged in interstate or foreign commerce or in the production of goods for such commerce, wages at specified hourly rates.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the IWML Class, IWPCA Class, and the FLSA Collective, pray for the following relief:

A.      That, at the earliest possible time, the Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are presently,

or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of Court-supervised notice, been employed by the Defendants and to pay its employees at an overtime rate of pay which does not include the added compensation earned as commissions or earned bonuses. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join in this lawsuit if they believe they were not paid all wages for work performed.

B.      Unpaid wages and liquidated damages pursuant to 29 U.S.C. § 201 <u>et</u> <u>seq</u>. and the supporting an Illinois Department of Labor and United States Department of Labor regulations;

C.      Unpaid regular wages, and overtime wages pursuant to the IMWL, IWPCA and other state wage laws;

D.      Compensation originating from ATI company policies, contractual obligations and ERISA requirements owed as a result of unpaid overtime wages;

E.      An injunction requiring Defendants to pay all statutorily-required wages pursuant to Illinois Law;

F.      Certification of this case as a Class action and/or Collective action;

G.      Designation of the Plaintiff as representative of the Class and/or Collective, and counsel of record as Class Counsel;

H.      Issuance of a Declaratory Judgment that the practices complained of in this Complaint are unlawful under Illinois Law, 820 ILCS 105/1 *et seq.* and supporting Illinois Department of Labor regulations and other state wage laws;

I.      Attorneys' fees and costs of this action in accordance with FLSA and Illinois Wage Laws; and

J.      Attorneys' fees in accordance with all applicable laws, Illinois Law and pursuant to 705 ILCS 225/1; the Illinois Attorneys Fees in Wage Actions Act

K.      Unpaid wages and liquidated damages pursuant to IWPCA and the supporting Illinois Department of Labor regulations;

L.      Liquidated damages in accordance with the IWPCA in the amount of 10 days of wages for each class member;

M.      Consequential damages;

N.      Additional compensation/penalty due to the Plaintiff in accordance with Section 14(b) of the IWPCA in the amount of 2% per month (up to an amount to twice the sum of unpaid wages) due under the IWPCA for the delay in payment of due wages;

O.      Issuance of a Declaratory Judgment that the practices complained of in this Complaint are unlawful under Illinois Law, 820 ILCS 105/1 *et seq* and supporting Illinois Department of Labor regulations;.

P.      and costs of this action; and

Q.      Such other relief as this Court shall deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated: December 26, 2017

Respectfully submitted,

By:      -S-John C. Ireland
John C. Ireland

Attorney for the Plaintiffs and Collective

The Law Office Of John C. Ireland
636 Spruce Street
South Elgin ILL    60177
630-464-9675        Facsimile 630-206-0889
attorneyireland@gmail.com    Attorneyireland@gmail.com
Attorney Number 6283137